## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARY MARRUJO,**

        **Plaintiff,**

**v.**                                    **CIV 02-1299 LAM**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

In her latest job, Plaintiff Mary Marrujo worked on an assembly line as a folder and seamstress until January 15, 1999 when, at age thirty-nine, she stopped working due to longstanding pain in her shoulders and arms. On that date, her doctor had restricted her to lifting no more than two pounds and subsequently performed arthroscopic surgery on her right shoulder. Later, she underwent two other procedures to relieve carpal tunnel symptoms in her wrists. She testified that within six months she returned to the same work, but only did certain folding and only worked four to six hours a day. She found that she could not continue, however, and has been looking for other work. She testified that since leaving work, she has developed lower back problems, cannot sleep, and has severe pain that limits her activities. *E.g., Administrative Record* ("*Record*") at 18, 37-39, 44-50, 52, 54-62, 97, 106, 113, 120, 124, 129; *see also Doc. 17* at 4-5 (chronology of surgeries and restrictions).

Administrative Law Judge ("ALJ") Gerald R. Cole found that Plaintiff has the residual functional capacity to perform a "limited range of light work" and, with the aid of the testimony from a vocational expert, identified sedentary jobs she can perform – telephone solicitor, cashier, and

surveillance system monitor.  The ALJ therefore denied benefits, finding her not disabled at Step 5. *See Record* at 20-22.  The Appeals Council considered additional evidence and declined review on August 16, 2002, thereby rendering the ALJ's decision final.  *Id.* at 4-6.

This matter is before the Court on Plaintiff's Motion to Reverse And Remand For A Rehearing, where she asserts that the ALJ committed one error.  *See Docs. 16-17.*  She contends that he "should have considered a closed period of disability from January15, 1999 to October 23, 2000," *(Doc. 17* at 3) and asks this Court to "remand[] with directions for the Commissioner to consider specifically a closed period of disability" for that time-frame *(id.* at 7).

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief.  *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992).  My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency.  *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  I have carefully considered this matter and find that Plaintiff's motion should be denied and the decision of the Commissioner affirmed.

January 19, 1999 is the date Plaintiff's doctor limited her to lifting no more than two pounds and subsequently scheduled shoulder surgery; October 23, 2000 is the date that her doctor stated she could increase work to full-time following the second wrist surgery.  *See Doc. 17* at 4-5 (citing *Record* at 166-68, 172, 194).

Plaintiff argues that because of the series of surgeries and the accompanying "recurrent" two-pound restrictions, that she could not perform even sedentary work for a "closed period," *id.* at 5-6,

2

yet at the hearing, the ALJ only questioned her about her current restrictions and failed to "consider or discuss a possible closed period of disability." *Id.* at 6. However, I cannot characterize the ALJ's opinion as having failed to consider a closed period of disability.

The ALJ specifically stated that the "general issue is whether the claimant is entitled to a ***period of disability*** and Disability Insurance Benefits" and that disability is defined as a "medically determinable physical . . . impairment that . . . ***has lasted or*** can be ***expected to last*** for a ***continuous period of not less than 12 months.***" *Record* at 15 (emphasis added). The very regulation Plaintiff cites as the authority for a "closed" period of disability refers, as did the ALJ, to a "period of disability." *See Doc. 17* at 6 (citing 20 C.F.R. § 404.321). Thus, I find Plaintiff's sole premise for remand unavailing.

Alternatively, the regulation that defines "[w]ho is entitled to a period of disability," among other things, provides that the claimant must "have or had a disability as defined in § 404.1505." 20 C.F.R. § 404.320(b)(1). Regulation 404.1505, in turn, provides that the "[b]asic definition of disability" which, as the ALJ noted, requires a medical impairment that "has lasted or is expected to last for a ***continuous*** period of ***not less than 12 months***." *Id.,* § 404.1505(a) (italics and emphasis added).

Significantly, Plaintiff does not argue that the medical evidence she recites establishes a disability during the closed period, thereby entitling her to reversal and an award of benefits. Moreover, by Plaintiff's own recitation of her doctor's surgeries, restrictions and recoveries, none of her surgeries left her restricted to two pounds for the requisite continuous twelve-month period. The ALJ discussed all of this medical evidence, noting Plaintiff's recoveries following her surgeries in arriving at his residual functional capacity finding. *See Record* at 18-20. Furthermore, the

vocational expert identified jobs Plaintiff can perform given her residual functional capacity.  Plaintiff does not take issue with the residual functional capacity *or* vocational expert findings.  Therefore, if the lack of a more explicit statement by the ALJ that he indeed considered and rejected closed period could be construed as error, a remand in this instance would serve no useful purpose.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 16)* is **DENIED**, and the decision of the Commissioner is **affirmed**.  A final order will enter concurrently herewith.

**LOURDES A. MARTÍNEZ**
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.

4